## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

ROBERT MENENDEZ

and

SALOMON MELGEN,

Defendants.

Crim. No.  2:15-cr-00155
Hon. William H. Walls

## SENATOR MENENDEZ'S MOTION TO COMPEL DISCOVERY

Abbe David Lowell
Jenny R. Kramer
Christopher D. Man
Scott W. Coyle
**CHADBOURNE & PARKE LLP**
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600

Stephen M. Ryan
Thomas J. Tynan
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 476-3280

*Counsel for Defendant Senator Robert Menendez*

TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

I.        PROCEDURAL HISTORY...........................................................................1

II.       DISCOVERY CATEGORIES......................................................................2

          A.        Bill of Particulars ..............................................................................2

          B.        Specific Requests Under Brady, Agurs, Giglio and
                    the Fifth Amendment ........................................................................2

          C.        Investigative Witness Statements ....................................................3

          D.        Grand Jury Materials.........................................................................3

          E.        Agent Personnel Files .......................................................................3

III.      ARGUMENT ...............................................................................................4

          A.        Specific Requests Under Brady, Agurs, Giglio and
                    the Fifth Amendment ........................................................................4

          B.        Investigative Witness Statements ....................................................6

          C.        Grand Jury Materials.........................................................................7

          D.        Agent Personnel Files .......................................................................8

CONCLUSION....................................................................................................9

TABLE OF AUTHORITIES

CASES

Ferrara v. United States, 456 F.3d 278 (1st Cir. 2006).............................................................4

Giglio v. United States, 405 U.S. 150 (1972) ........................................................................1

Brady v. Maryland, 373 U.S. 83 (1963) ................................................................................1

In re Cudahy, 294 F.3d 947 (7th Cir. 2002).............................................................................7

In re Grand Jury Proceedings, 813 F. Supp. 1451 (D. Colo. 1993).......................................7

United States v. Agurs, 427 U.S. 97 (1976).............................................................................1

United States v. Alter, 482 F.2d 1016 (9th Cir. 1973)............................................................7

United States v. Armstrong, 517 U.S. 456 (1996) ..................................................................6

United States v. Belton, 2015 WL 1815273 (N.D. Cal. Apr. 21, 2015) ................................7

United States v. Bertoli, 854 F. Supp. 975 (D.N.J. 1994)......................................................8

United States v. Diaz, 236 F.R.D. 470 (N.D. Cal. 2006)........................................................7

United States v. Fuentes, 2008 WL 2557949 (E.D. Cal. June 24, 2008)...............................7

United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)........................................................8

United States v. Jack, 2009 WL 435124 (E.D. Cal. Feb. 20, 2009) ......................................7

United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992).....................................................8

United States v. Mandel, 914 F.2d 1215 (9th Cir. 1990).....................................................6-7

United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991)......................................................5-6

United States v. Risha, 445 F.3d 298 (3d Cir. 2006) .............................................................5

United States v. Stevens, 985 F.2d 1175 (2d Cir. 1993).........................................................7

United States v. Thornton, 1 F.3d 149 (3d Cir. 1993) .........................................................5-6

## RULES

Fed. R. Crim. P. 16 ...............................................................................................................6

## MISCELLANEOUS

Susan Brenner & Lori Shaw, <u>Federal Grand Jury:  A Guide to Law and Practice</u> §16.11
(2010).................................................................................................................................7

## INTRODUCTION

Senator Menendez moves this Court for an order directing the government to disclose specified items of discovery as set forth below.

## I.   PROCEDURAL HISTORY

On May 4, 2015, Senator Menendez sent a letter containing a series of discovery requests to the government.  (Ex. A.)[1]  On May 19, 2015, the government responded in part, but failed to provide several categories of information.  (Ex. B.)  On June 12, 2015, Senator Menendez sent the government another letter, which identified the outstanding requests for discovery and cited additional legal support.  (Ex. C.)  The Senator also requested that, if the government did in fact intend to deny a request, it state so specifically and clearly in writing so that both the parties and the Court had the benefit of a clear record.  (Id.)  On June 25, 2015, rather than respond to the specific requests, the government vaguely replied that, "if there are still categories of documents or information that you seek and have not yet received, it is because we are not in possession of the material, you are not entitled to it, or we have already produced to you the universe of documents falling within that category."  (Ex. D.)[2]

---

[1]     Senator Menendez requested any and all documents and/or information subject to disclosure by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the U.S. Constitution, the Supreme Court's rulings in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), and Rule 404(b) of the Federal Rules of Evidence.  (See Ex. A.)

[2]     In its May 19 letter, the government agreed to provide notice of all 404(b) evidence consistent with the Court's scheduling order.  (Ex. B. at 3.)  Additionally, on July 15, 2015, defense counsel requested any English translations of the foreign language materials included in the discovery, and suggested both sides work together on translations going forward.  (Ex. F.)  The prosecutors responded to this request on July 17, 2015.  (Ex. G.)

## II.     DISCOVERY CATEGORIES

### A.     Bill of Particulars

In his May 4 letter, Senator Menendez requested particulars for at least 57 allegations in the Indictment.  (Ex. A at 2-6.)   In response, the government claimed that the Indictment "provides ample detail" and "many" particulars were revealed in discovery, but agreed to provide particulars regarding 11 of these allegations.[3]  (Ex. B at 2.)  In his June 12 letter, Senator Menendez identified the unresolved particulars and requested a specific response from the government.  (Ex. C. at 1-2.)  As indicated by today's filing of a separate Motion for a Bill of Particulars, those requests remain outstanding.

### B.     Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment

In two separate letters to the government, Senator Menendez requested that the government provide all Brady and Giglio material and made 23 specific Brady requests.  (Ex. A at 6-9; Ex. C. at 2-4.)  The government partially addressed 11 of these requests, asking for additional clarification on some.  (Ex. B. at 2-3.)  Although the Senator provided that clarification (Ex. C. at 2-4), it does not appear that the government produced any additional material responsive to the requests.  Moreover, the government did not specifically respond to the remaining 12 requests.  (Id. at 2 ("With respect to the 12 requests to which the government has not yet responded, we ask that you provide a specific response in writing to provide a clean record for the parties and the Court.").)

### C.     Investigative Witness Statements

In his May 4 letter, Senator Menendez requested "any draft 302s or interview memoranda" and "any requests by investigating agents or members of the Department of Justice

---

[3]     The government provided particulars for items I, N, P, Q, T, W, X, BB, GG, HH, and II from Section I of Defendant's May 4 Letter.  (Ex. B at 2.)

to edit, revise, or otherwise change the content of any 302 or interview memorandum."  (Ex. A. at 10.)  The government provided an incomplete response to this specific request.  It noted that it had produced grand jury transcripts, 302 interview reports, and agent notes, and stated that it "consider[s] [its] discovery obligations with respect to this category satisfied."  (Ex. B at 4.)

     **D.**      **Grand Jury Materials**

In his May 4 letter, Senator Menendez requested documents and information related to proceedings before the grand jury, including, but not limited to, instructions provided to the grand jury before it returned the Indictment.  (Ex. A at 10-11.)  The government agreed to produce documents relating to case agent testimony and grand jury exhibits, but argued that Senator Menendez is "not entitled" to the remaining materials.  (Ex. B at 4.)[4]  In response, Senator Menendez reiterated his requests and cited case law in support that showed there is no secrecy for such instructions.  (Ex. C at 5.)

     **E.**      **Agent Personnel Files**

On June 22, 2015, Senator Menendez requested that "the government review the personnel files and internal affairs files concerning FBI Agent Gregory Sheehy, all agents who prepared FBI 302 reports in this case, and any law enforcement witness the government intends to call at trial, for evidence of dishonesty or other misconduct and to produce such evidence to the defense."  (Ex. E.)  The government has not responded to this request.

---

[4]     The government also confirmed that it has produced to Senator Menendez all evidence presented to the grand jury in Florida.  (Ex. D at 2.)  Defense counsel will prepare for further proceedings in this case based on that representation.

## III.    ARGUMENT

### A.    Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment

The government has not fully satisfied its affirmative obligations to provide all <u>Brady</u> and <u>Giglio</u> materials requested by Senator Menendez.  (<u>See</u> II.B.)  As defense counsel has explained, much of this information relates to the credibility and bias of potential witnesses at trial, various categories of exculpatory evidence, the quality of the government's investigation, and false allegations.  (Ex. A at 6-9; Ex. C at 2-4.)

Senator Menendez requested exculpatory information regarding the involvement of Cuban intelligence, materials from other executive agencies, contributions to and actions by other Senators identified in the Indictment, and other issues.  (Ex. A at 6-9.)  After reiterating these requests (Ex. C. at 2-4), the government's unsatisfactory response was that "if there are still categories of documents or information that you seek and have not yet received, it is because we are not in possession of the material, you are not entitled to it, or we have already produced to you the universe of documents falling within that category."  (Ex. D. at 1.)  Based on this statement alone, it is impossible to know <u>which</u> material the government claims not to possess, <u>which</u> categories it believes the Defendant is not entitled to, or <u>which</u> information the government claims to have already produced.  See <u>Ferrara v. United States</u>, 456 F.3d 278, 293 n.11 (1st Cir. 2006) ("When the government responds incompletely to a discovery obligation, that response not only deprives the defendant of the missing evidence but also has the effect of misrepresenting the nonexistence of that evidence.").  Accordingly, and as set forth in the attached correspondence, the government should be ordered to either produce these materials or explicitly confirm that they do not exist.

Finally, the government has taken the position that it need not search for favorable defense evidence that is not within its "possession, custody, or control," including, but not limited to, information about the government's Medicare fraud investigation concerning Dr. Melgen.  (See Ex. E.)[5]  As a matter of law, this is wrong.  United States v. Risha, 445 F.3d 298, 303 (3d Cir. 2006).  "There is no question that the government's duty to disclose under Brady reaches beyond evidence in the prosecutor's actual possession."   Id.   Instead, the relevant question is "'whether the prosecutor knew or should have known of the materials even though they were developed in another case.'"  Id. (quoting United States v. Joseph, 996 F.2d 36, 39 (3d Cir. 1993)).   "[T]he prosecutors have an obligation to make a thorough inquiry of all enforcement agencies that had a potential connection with the witnesses."   United States v. Thornton, 1 F.3d 149, 158 (3d Cir. 1993).  Indeed, in adopting the views of the Fifth Circuit, the Third Circuit "has declined to excuse non-disclosure in instances where the prosecution has not sought out information readily available to it."  United States v. Perdomo, 929 F.2d 967, 969 (3d Cir. 1991) (citing United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980)).

Here, the need for the government to search all investigative files concerning both Senator Menendez and Dr. Melgen is acute.  The government is prosecuting Senator Menendez for his "advocacy" on multi-dosing, a policy issue that the Medicare fraud investigation of Dr. Melgen implicates in part.  Thus, to the exent the Medicare fraud investigation produced material favorable to Dr. Melgen, some of that material might be favorable to Senator Menendez as well.  For example, if the Medicare fraud case includes evidence that the government did in fact

---

[5]       In its five separate cover letters enclosing discovery productions to the defense, the government said: "the U.S. Attorney's Office for the Southern District of Florida has indicted Dr. Salomon Melgen for Medicare fraud. That investigation is separate from the investigation that led to the indictment in the instant case.  Therefore, we are not including in our discovery any material obtained through the course of that investigation, as we are not in the possession, custody, or control of that material."  (Ex. E. at 2.)

believe that multi-dosing was legitimate and at some point allowed, that evidence lends credence to Senator Menendez's views on why CMS and HHS should have reconsidered its approach. This information is "readily available to" the government, Perdomo, 929 F.2d at 969, and the government may not simply stick its head in the sand and claim ignorance.  "That is hardly an acceptable excuse."  Thornton, 1 F.3d at 158.  Thus, the government should be ordered to confirm that its search for favorable material to the defense included a review of all investigative files of the Defendants.

In sum, the government has yet to fully satisfy its affirmative obligations under Brady, Giglio, and their progeny.  As these materials are essential to the preparation of Senator Menendez's defense, Brady, Agurs, Giglio, and the Fifth Amendment require that the government produce them.  Accordingly, Senator Menendez requests that the Court order the government to produce all Brady and Giglio material, including the specific items listed in his letters to the government, as well as any additional Brady and Giglio material that the government later discovers.

### B.   Investigative Witness Statements

The government has not responded to Senator Menendez's request for any information relating to efforts by any investigating agent or member of the Department of Justice to edit or in any way change the content of a 302 or interview memorandum, and again relies on a vague response that only requires defense counsel to guess as to whether such material exists.  (See II.C.)  To be sure, any document or other information relating to a request by the government to edit or revise a 302 so that it is aligned with the prosecution's theories is potentially exculpatory, impeaching, and material to the preparation of a defense.  See Fed. R. Crim. P. 16; United States v. Armstrong, 517 U.S. 456, 462 (1996); United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.

1990) ("Rule 16 permits discovery that is 'relevant to the development of a possible defense.'") (internal citation omitted); <u>United States v. Stevens</u>, 985 F.2d 1175, 1180 (2d Cir. 1993) (a document is material if "it could be used to counter the government's case or to bolster a defense"). Thus, the Court should order the government to produce such materials if they exist.

      C.    **<u>Grand Jury Materials</u>**

Although the government has agreed to produce some materials relating to the grand jury proceedings, the government has refused to produce most of what Senator Menendez requested. As defense counsel made clear in their letter, Federal Rule of Criminal Procedure 6(e) applies only to the substance of grand jury deliberations, not to items such as instructions, empanelment information, and voting record. (Ex. A at 10-11 (citing cases).)[6] Thus, Senator Menendez need not show any particularized need for these materials. <u>Id.</u> Moreover, because the government tried to return an indictment in both Florida and New Jersey, this case presents an increased risk

---

[6]     Although the secrecy of grand jury proceedings is protected by Federal Rule of Criminal Procedure 6(e), this rule only applies to the substance of jury deliberations, and does not apply to grand jury charges and instructions. No showing of particularized need is necessary for access to these materials. <u>See</u> <u>United States v. Alter</u>, 482 F.2d 1016, 1028 n.20 (9th Cir. 1973) (finding the defendant "was entitled to know the content of the court's charges to the grand jury. The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not"); <u>United States v. Belton</u>, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) ("[A] number of courts have held the disclosure of instructions and charges of the grand jury to be appropriate."); <u>United States v. Jack</u>, 2009 WL 435124, at *4 (E.D. Cal. Feb. 20, 2009) (ordering production of grand jury instructions); <u>United States v. Fuentes</u>, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008) (rejecting government contention that a showing of particularized need is necessary and holding that "defendants are entitled to the transcript of the instructions and charges to the grand jury"); <u>United States v. Diaz</u>, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) (granting defendants' request for grand jury instructions, empanelling procedure, and term, because these documents "do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings"). It is a matter of hornbook law that grand jury secrecy "does not govern matters such as the court's charge to a grand jury . . . ." Susan Brenner & Lori Shaw, <u>Federal Grand Jury: A Guide to Law and Practice</u> §16.11 (2010). Even if there were a requirement for a particularized need, that showing has certainly been met given the motion to dismiss based on erroneous grand jury instructions. (<u>See</u> MTD No. 3.)

of error.  Similarly, the grand jury proceedings in this case have already involved extensive litigation concerning the Senator's rights under the Speech or Debate Clause, including hearings both in this Court and the Third Circuit, as well as evidence of campaign contributions, which directly implicate the First Amendment.  To ensure that the government properly instructed the grand jury on these legal issues (if at all), it is imperative that Senator Menendez have access to these materials.  Accordingly, the Court should order the government to produce grand jury materials as soon as possible.

### D.    <u>Agent Personnel Files</u>

As discussed above (<u>see</u> III.A), the truth or falsity of Agent Sheehy's testimony both in the grand jury and his search warrant affidavits is an issue in this case.  (<u>See</u> MTD No. 3 (misconduct in grand jury); MTD No. 15 (violation of Fourth Amendment).)  As a result, counsel for Senator Menendez requested that in accordance with DOJ policy, the government review Agent Sheehy's personnel file for evidence of dishonesty or other misconduct and produce such evidence to the defense.  <u>See</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 n.3 (9th Cir. 1992) (noting that "the government informs us that the Department of Justice has instituted a policy designed to implement the holding of <u>Henthorn</u>"); <u>United States v. Henthorn</u>, 931 F.2d 29, 31 (9th Cir. 1991) (holding that "the government has a duty to examine personnel files upon a defendant's request for their production"); <u>see</u> <u>also</u> <u>United States v. Bertoli</u>, 854 F. Supp. 975, 1039-41 (D.N.J. 1994), <u>aff'd in part, sentence vacated by</u>, 40 F.3d 1384 (3d Cir. 1994) (applying both <u>Henthorn</u> line of cases and cases from the Sixth, Seventh, and D.C. Circuits).  Considering the issues raised in the other motions, a review of Agent Sheehy's files is warranted.  Accordingly, the Court should order the government to review Agent Sheehy's personnel file

and confirm whether evidence of dishonesty or misconduct exists.  If such evidence does exist, the government should produce it to the defense.

## <u>CONCLUSION</u>

For the foregoing reasons, Senator Menendez respectfully requests that the Court grant this motion and order the government to produce all outstanding materials and those required by law.

Respectfully submitted,


<u>/s/ Abbe David Lowell</u>
Abbe David Lowell
Jenny R. Kramer
Christopher D. Man
Scott W. Coyle
**CHADBOURNE & PARKE LLP**
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
adlowell@chadbourne.com
(202) 974-5600

Stephen M. Ryan
Thomas J. Tynan
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001
sryan@mwe.com
(202) 756-8000

Raymond M. Brown
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
rbrown@greenbaumlaw.com
(732) 476-3280

*Counsel for Defendant Senator Robert Menendez*