NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT MENENDEZ and<br>SALOMON DR. MELGEN,<br><br>Defendants. | **OPINION**<br>Cr. No. 15-155 |

**Walls, Senior District Judge**

Defendants Robert Menendez and Salomon Melgen move to dismiss the indictment in this criminal case on the ground that it was returned by a biased grand jury. After oral argument on September 17, 2015, the Court denies this motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

Defendants Robert Menendez, who has represented New Jersey in the United States Senate since 2006, and Dr. Salomon Melgen, an ophthalmologist who resides and practices his profession in Florida, were indicted in the District of New Jersey on charges of bribery and related crimes on April 1, 2015. Indictment, EFC No. 1. The procedural history of this case, starting with its time before the grand jury, has already been discussed in the Court's opinion on Defendants' Speech or Debate Clause-related motions, ECF No. 117, and the findings are incorporated here.

On July 20, 2015, Dr. Melgen and Senator Menendez filed fifteen separate motions to dismiss the indictment in whole or in part under Fed. R. Crim. Pr. 12(b)(3). ECF No. 48-61. *See* Def. Summary Chart of Mot. Dismiss, ECF No. 47, for descriptions of each motion to dismiss. The Court deals with the remaining motions separately. In Motion to Dismiss 5, Defendants

1

argue that the indictment must be dismissed because the grand jury that returned the indictment was not properly screened for potential bias. Def. Mot. Dismiss 5, ECF No. 52.

## STANDARD OF REVIEW

The Fifth Amendment of the Constitution requires that an indictment be returned by a legally constituted and unbiased grand jury. *Lawn v. United States*, 355 U.S. 339, 349-50 (1958); *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Serubo*, 604 F.2d 807, 816 (3d Cir. 1979).

Federal Rule of Criminal Procedure 12(b)(3)(A)(v) allows a defendant to move to dismiss an indictment based on an "error in the grand-jury proceeding or preliminary hearing." Fed. R. Crim. P. 12(b)(3)(A)(v). Federal Rule of Criminal Procedure 6(b)(2)[1] allows a defendant to move to dismiss an indictment "based on an objection to the grand jury or on an individual juror's lack of qualification." Fed. R. Crim. P. 6(b)(2). Though a preliminary draft of Rule 6(b) would have expressly permitted challenges based on grand jury bias, this provision was not included in the final draft. 1 Charles Alan Wright, *Fed. Prac. & Proc. Crim.* § 102 (4th ed. 2015). As a result, several courts have held that a defendant cannot challenge a grand jury or individual grand jurors for bias at all. *See, e.g, Estes v. United States*, 335 F.2d 609, 613 (5th Cir. 1964); *United States v. Lander*, 2009 WL 3230338, at *1 (N.D. Fla. Oct. 5, 2009); *In re Balistrieri*, 503 F. Supp. 1112, 1114 (E.D. Wis. 1980) (all quoting *United States v. Knowles*, 147 F. Supp. 19, 20 (D.D.C. 1957) ("Challenges for bias, or any cause other than lack of legal qualifications, are unknown as

---

[1] In Mot. Dismiss 5, Defendants do not cite to these or any other Federal Rule of Criminal Procedure entitling them to the relief they seek. In their Summary Chart, Defendants state they have filed all of their motions to dismiss under Fed. R. Civ. P. 12(b)(3), which authorizes dismissal of an indictment for failure to state an offense. ECF No. 47. Mot. Dismiss 5 does not challenge the facial validity of the indictment or the actual grand jury proceedings, so the Court will consider this as a Rule 6(b) motion.

concerns grand jurors.")). And some courts have also held that prospective grand jurors may not be screened for potential bias. *See Schwartz v. U.S. Dept. of Justice*, 494 F. Supp. 1268, 1276 (E.D. Pa. 1980) ("[F]ederal law does not permit an investigation of prospective members of a Grand Jury in order to determine possible bias since a challenge for cause on that ground is not permitted"); *Knowles*, 147 F. Supp. at 21 ("No voir dire examination exists in respect to grand jurors"); *but see* 28 U.S.C. § 1866(c)(2) (district court may exclude a potential grand juror "on the ground that such a person may be unable to render impartial jury service").

Assuming that defendants *may* move to dismiss an indictment for bias, the law "imposes a burden upon the defendants to demonstrate some cause to believe that the grand jury was biased against them and thus failed to perform its sworn duty." *United States v. Addonizio*, 313 F. Supp. 486, 495 (D.N.J. 1970). This burden includes the demonstration of *actual* grand juror prejudice. *See United States v. Smith*, 424 F.3d 992, 1003-04 (9th Cir. 2005) ("Substantial proof of grand jury bias is required to overturn an indictment," and defendant must make "factual allegation of actual bias" on the part of grand juror) (internal citations and quotations omitted); *United States v. Two Eagle*, 318 F.3d 785, 793 (8th Cir. 2003) ("Dismissal of an indictment based on grand-jury bias is an extreme remedy, and the party seeking relief carries a heavy burden. A grand-jury indictment will only be dismissed upon a showing of actual prejudice to the accused") (internal citations omitted); *United States v. Burke*, 700 F.2d 70, 82 (2d Cir. 1983) ("The grand jury need not deliberate in a sterile chamber . . . and a criminal conviction appealed on grounds of adverse preindictment publicity will not be overturned unless the moving party can bear the heavy burden of demonstrating that he has suffered actual prejudice as a result of the publicity") (internal citations and quotations omitted); *United States v. Frumento*, 409 F. Supp. 136, 142-43 (E.D. Pa. 1976) ("It is not enough that a defendant alleges, or even

demonstrates, massive or prolonged pre-indictment publicity concerning his case. . . . In the absence of specific evidence of actual prejudice among the grand jurors, of which the record here is completely devoid, there will be no relief granted.").

## DISCUSSION

Defendants' sole argument is that a "likelihood" of grand juror bias in this case made the screening of prospective grand jurors necessary to ensure an unbiased grand jury. Defendants point to "highly inflammatory allegations" and publicity in the press before and after the indictment, ECF No. 52-1 at 5, 12, Senator Menendez's status as a public, political figure, *id.* at 9, and Senator Menendez's dropping approval ratings, *id.* at 8, as evidence that "the grand jury was likely biased against Senator Menendez, and by extension, Dr. Melgen." *Id.*

Defendants have not come close to demonstrating any actual bias whatsoever. Despite baldly posturing that "there are plenty of people who assume all politicians are corrupt," Def. Rep. Mem. Supp. Mot. Dismiss 5, ECF No. 95 at 5, Defendants provide no evidence that any actual grand jurors held this belief about Senator Menendez. And despite citing early 2014 polls showing a drop in Senator Menendez's approval rating,[2] Defendants fail to show any connection between poll respondents' disapproval of the job Menendez was doing as a Senator and the alleged inability of separate individuals in the grand jury to remain impartial about evidence and charges presented to them. ECF No. 52 at 8.

Defendants also fail to show that press coverage created grand jury bias. It is likely that Defendants, because of the Senator's official position, received more pre-indictment publicity than the average criminal defendant. But again, Defendants have not demonstrated that this

---

[2] The fact that Senator Menendez's approval rating dropped *after* the indictment was filed, especially, is not evidence that the grand jury that voted to indict him was biased. *See* ECF No. 52-1 at 9.

4

publicity led to any actual bias among grand jurors. Instead, Defendants refer to cases involving publicity and petit jury selection and argue that, "[b]ecause grand jurors and petit jurors are both expected to be impartial, the steps taken to assure their impartiality should be similar." ECF No. 95 at 3. With respect to prejudicial pre-indictment publicity, though, courts do *not* treat grand juries and petit juries the same. *See United States v. Brien*, 617 F.2d 299, 313 (1st Cir. 1980) ("The different treatment of grand and petit juries which may have been exposed to inherently prejudicial publicity is premised, of course, on the theory that the taint of a grand jury will be purged by the deliberations of an untainted petit jury."); *United States v. Silver*, 2015 WL 1608412, at *8 (S.D.N.Y. Apr. 10, 2015) ("[U]nlike a petit jury, the grand jury need not deliberate in a sterile chamber, completely immunized from reports of those events transpiring about it.") (internal citation omitted). In any event, courts have routinely held that allegations of negative publicity are not enough to demonstrate grand jury bias. *See Burke*, 700 F.2d at 82 (Defendants "contend in very general terms that the SI article and the adverse publicity generated by this story prejudiced them, an argument which is clearly insufficient to warrant reversal under prevailing law."); *United States v. Kaczynski*, 923 F.Supp. 161, 163 (D. Mont. 1996) ("This court has found no case, and none are cited by Defendant, which dismissed an indictment for pre-indictment publicity"); 24 James Wm. Moore et al., *Moore's Fed. Prac. Crim. Proc.* § 606.05 (3d ed. 2015) ("It appears, however, that no indictment has been dismissed for prejudicial preindictment publicity.").

    The Court has found few cases dismissing an indictment or overturning a conviction for grand jury bias, and the cases Defendants cite involve the intentional and systematic exclusion of potential grand jurors on the basis of race, *Vazquez v. Hillery*, 474 U.S. 254 (1986), or gender, *Ballard v. United States*, 329 U.S. 187 (1946). Defendants allege nothing on that scale here, and

NOT FOR PUBLICATION

their extremely dubious claim that the publicity in this case "may have a far stronger influence over a juror's ability to remain impartial than either race or gender," ECF No. 95 at 7, is of no matter. Again, factless rhetoric. Defendants have not demonstrated any actual grand juror bias. The Court will not dismiss the indictment.

## CONCLUSION

Because Defendants have not demonstrated any actual grand jury bias but instead have engaged in factless speculation, Mot. Dismiss 5 is denied. An appropriate order follows.

DATE: 28 September 2015

William H. Walls
Senior United States District Court Judge