**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT MENENDEZ and<br>SALOMON MELGEN,<br><br>Defendants. | **OPINION**<br>Cr. No. 15-155 |

**Walls, Senior District Judge**

  Defendants Robert Menendez and Salomon Melgen move for an order directing the government to file a bill of particulars under Fed. R. Crim. P. 7(f) identifying 52 separate facts that Defendants claim are not adequately alleged in the indictment. ECF No. 46. After oral argument on September 17, 2015, the Court denies this motion.

  Defendants have been indicted in the District of New Jersey on charges of bribery and related crimes. Indictment, ECF No. 1. The full procedural and factual background of this case was discussed by the Court in the opinion on Defendants' Speech or Debate Clause-related motions, ECF No. 117 and is incorporated by reference here. The Court has dismissed Counts 9-12 of the Indictment in its opinion on Defendants' First Amendment-related motions, ECF No. 119, and need not address Defendants' four requests that relate to those Counts (Requests 16-17 and 46-47).

  Defendants' requests all go beyond the scope of a bill of particulars. "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a

**NOT FOR PUBLICATION**

second prosecution for an inadequately described offense.'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)). A bill of particulars should be issued "[o]nly where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'" *Id.* at 771-72 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989)). A bill of particulars is *not* meant to "provide the defendant with the fruits of the government's investigation," *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985), or to require the government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." *Addonzio*, 451 F.2d at 64.

In this case, the indictment includes 227 paragraphs of detailed factual allegations that set out the relevant dates, locations, parties, and conduct supporting each charge. ECF No. 1. Such is more than enough to inform Defendants of the charges against them and allow them to prepare an adequate defense. Additionally, the government represents that it has given Defendants over 460,000 pages of discovery and a 29-page discovery log containing all documents referenced in the indictment and presented to the grand jury. Opp. Mot. Bill of Particulars, ECF No. 88 at 6-7. This extensive discovery further weakens Defendants' case for a bill of particulars. *See Urban*, 404 F.3d at 772.

The function of a bill of particulars is not to provide information that is already provided in the indictment, sometimes in great detail, such as:

- The alleged "issue at the core of Melgen's billing dispute" (Request 11), which is described in the indictment, ECF No. 1 ¶ 145, and which Senator Menendez himself discusses in a nearly page-long footnote in another motion, ECF No. 48-1 at 14 n. 11.

- The "scheme to defraud that is alleged in Counts Nineteen through Twenty-One" (Request 40), where those Counts allege a scheme to defraud the United States of the honest services of Senator Menendez through bribery, ECF No. 1 ¶ 263, and incorporate by reference each specific bribe alleged in the indictment, *id.* ¶ 228.

- The places other than New Jersey where the conspiracy allegedly took place (Request 41), where the indictment alleges overt acts in Florida, New York, Washington, D.C., France, Spain, and the Dominican Republic, *see* ECF No. 1 ¶¶ 25, 28, 44, 79, and which the government does not need to provide for overt acts *not* alleged in the indictment, *see United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975).

Nor is a bill of particulars an appropriate means for Defendants to collect information to which they themselves have easy access, such as:

- The "date and manner in which Dr. Melgen allegedly 'learned that an audit of his Medicare billing was likely to result in a multimillion dollar overpayment finding'" (Request 8).

- The "location of [Menendez Chief of Staff Danny] O'Brien's home address" (Request 27).

Finally, a bill of particulars will not be granted to provide details and minutia that are not essential to any charge and not necessary to Defendants' preparation of an adequate defense, such as:

- The identity of the person at the Department of Health and Human Services who allegedly determined the proper person for Menendez to speak with at the Department (Request 10).

- The "means by which Dr. Melgen allegedly 'sent' his plane to pick up a passenger" (Request 23).

- The name of the person whose wedding Senator Menendez allegedly attended in Punta Cana (Request 26).

In the remaining requests, Defendants seek information that would inappropriately require the government to provide its "fully integrated trial theory," *Addonzio*, 451 F.2d at 64, or "commit itself to a specific version of the facts before it is in a position to do so," *Rosa*, 891 F.2d at 1066. *See, e.g.*, Request 39 (information that the Senator allegedly withheld from his Senate staff). Several of these requests also seek information that the government is not obligated to prove at trial, such as where and when Defendants' alleged conspiracy was made along with its

**NOT FOR PUBLICATION**

terms, Request 33. *See United States v. McKee*, 506 F.3d 225, 238 (3d Cir. 2007) (conspiracy can be proven circumstantially without direct evidence of an agreement); *see also United States v. Blandford*, 33 F.3d 685, 696 (6th Cir. 1994) ("[T]he *quid pro quo* of [the heightened] *McCormick* [standard] is satisfied by something short of a formalized and thoroughly articulated contractual arrangement.").

The indictment provides the Defendants all the information they need at this stage, and the government's discovery gives them even more. The Court exercises its discretion to deny Defendants' meritless motion for a bill of particulars.

## CONCLUSION

Defendants' motion for a bill of particulars is denied. An appropriate order follows.

DATE: 28 September

William H. Walls
Senior United States District Court Judge

4