# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:16-CR-22-DCR |
| ERIC CHRISTOPHER CONN, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE TRIAL DATE
AND SCHEDULE A STATUS CONFERENCE**
***** ***** *****

Per standard practice under the Speedy Trial Act, the Court initially set this case for trial on June 7, 2016 (DE 17 and DE 19 ¶ 2; similar settings were made for Defendants Adkins, DE 18, and Daugherty, DE 51).

Due to the complexity of the case, the extraordinary volume of discovery, the existence of co-defendants and counsel, and the need for counsel to coordinate and prepare for trial, Defendant Conn respectfully joins with Defendants Adkins and Daugherty to continue the trial date and schedule a status conference to re-set the trial date and pre-trial deadlines. (DE 57 & 58).

This is a complex case with three defendants involving conduct alleged to have spanned the past 12 years. (DE. 1 ¶ 29.) There are eighteen different counts, including four separate conspiracies: (1) to commit fraud, (2) to retaliate against a witness; (3) to engage in money laundering; and (4) to structure currency transactions to evade reporting requirements. In addition, there are stand-alone counts for mail and wire fraud, obstruction of justice, false

statements, money laundering, and forfeiture. The fraud allegations at the core of the Indictment involve "more than 2,000 cases" that Mr. Conn filed, and each will need to be separately investigated. [DE 1 ¶37(j)]

The government also has advised defense counsel that it intends to produce around 4 million pages of discovery. In addition to those documents and materials to be produced by the Justice Department, other materials relevant to any defense may also come from the Social Security Administration, the United States Congress (a committee of which engaged in an investigation of these alleged acts), and numerous civil suits that have been filed involving the alleged acts. Accordingly, numerous arms of the United States government have been engaged in an investigative for at least five years and perhaps longer of Defendant Conn and the co-Defendants.

Simply put. Defendant Conn and his counsel will need substantially more than two months to prepare for trial.

It is also reasonable to believe that extensive motions practice will likely occur in the case. These motions may cover issues ranging from defects in the indictment to issues surrounding aspects of the investigation itself to a series of other pre-trial motions (e.g., experts, jury selection) assuming the case gets that far.

Vacating the current trial date and schedule is warranted by the Speedy Trial Act for several reasons. Mr. Conn requests this delay in the trial because it would serve the "ends of justice" by allowing him the time necessary to prepare for and receive a fair trial. 18 U.S.C. § 3161(h)(7)(A). A delay is necessary to avoid a miscarriage of justice and – given the unusual complexity of the case, number of defendants, and nature of the charges – it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the current time

Case: 5:16-cr-00022-DCR-REW Doc #: 62 Filed: 09/23/16 Page: 2 of 3 - Page ID#: 265

limits. 18 U.S.C. §§ 3161(h)(7)(B)(i) ("miscarriage of justice") and (ii) ("unreasonable to expect adequate preparation"). In addition, Mr. Conn's intended lead counsel, who participated at the detention hearing (Messers Lowell and Mann, DEs 24 & 31), have two other trials for older cases presently scheduled or likely to go to trial during the remainder of 2016. Mr. Conn ought to be able to secure the representation of his intended counsel as a reasonable schedule would allow that to occur. 18 U.S.C. § 3161(h)(7)(B)(iv) (time to obtain and maintain continuity of counsel). The securing of a new trial date is critical to the involvement of intended lead counsel..

As part of his request and pursuant to the Pretrial & Discovery Order [DE 19 ¶ 4(c)], Mr. Conn has signed the attached written waiver of his Speedy Trial Act rights. *Motion to Vacate Trial Date, Exhibit 1.*

At this early juncture, it is premature to make any reasonable estimate of the amount of time that will be necessary to prepare for trial. For that reason, Defendant Conn requests the Court to set a status conference at which the parties can discuss an appropriate trial date with the Court and any appropriate deadlines for pretrial proceedings.

The United States agrees this proposed procedure would be reasonable.