# ATTACHMENT A

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1

<u>Conspiracy to Commit an Offense against the United States – Basic Elements</u>

Count 1 of the Indictment charges that from at least in or about January 2006 through in or about January 2013, in the District of New Jersey and elsewhere, the defendants, Robert Menendez and Salomon Melgen, agreed or conspired with each other or with one or more other persons to commit offenses against the United States, namely giving, offering, or promising a bribe to a public official; demanding, seeking, or receiving a bribe by a public official; and honest services mail and wire fraud; and that, to further the objectives of the conspiracy, at least one member of the conspiracy committed at least one overt act.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find a defendant guilty of conspiracy to commit offenses against the United States, you must find that the Government proved beyond a reasonable doubt each of the following four elements:

First: That two or more persons agreed to commit offenses against the United States, namely giving, offering, or promising a bribe to a public official; demanding, seeking, or receiving a bribe by a public official; and honest services mail and wire fraud. I will explain the elements of these offenses to you shortly.

Second: That the defendant was a party to or member of that agreement;

Third: That the defendant joined the agreement or conspiracy knowing of its objective to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least

1

one other alleged conspirator shared a unity of purpose and the intent to achieve common

goals or objectives, to commit offenses against the United States; and

Fourth:  That at some time during the existence of the agreement or conspiracy, at least one

of its members performed an overt act in order to further the objective of the agreement.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371A (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 2

<u>Conspiracy – Existence of an Agreement</u>

The first element of the crime of conspiracy is the existence of an agreement. The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve at least one objective of the conspiracy, that is giving, offering, or promising a bribe to a public official; demanding, seeking, or receiving a bribe by a public official; or honest services mail and wire fraud.

The Government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The Government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished. The Government is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the Government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that

3

the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The Indictment charges a conspiracy to commit several federal crimes. The Government does not have to prove that the alleged conspirators agreed to commit all of these crimes. The Government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime. You cannot find the defendant guilty of conspiracy unless you unanimously agree that the same federal crime or crimes were the objectives of the conspiracy. It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371C (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 3

<u>Conspiracy – Membership in the Agreement</u>

If you find that a criminal agreement or conspiracy existed, then in order to find each defendant guilty of conspiracy you must also find that the Government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The Government must prove that the defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The Government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The Government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that the defendant joined the conspiracy.

5

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371D (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 4

Conspiracy – Mental States

In order to find each defendant guilty of conspiracy you must find that the Government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives. That is, the Government must prove: (1) that the defendant knew of the objectives or goals of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objectives might tend to show that the defendant had the required intent or purpose that the conspiracy's objectives be achieved.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371E (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 5

<u>Conspiracy – Overt Acts</u>

With regard to the fourth element of conspiracy – overt acts – the Government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one overt act, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The Government does not have to prove that any overt act was itself illegal.  Also, the Government does not have to prove that the defendants personally committed any overt act.  The Government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one overt act and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objectives of the conspiracy.  You must unanimously agree on the overt act that was committed.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371F (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 6

<u>Conspiracy – Success Immaterial</u>

The Government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find a defendant guilty of conspiracy if you find that the Government proved beyond a reasonable doubt the elements I have explained, even if you find that the Government did not prove that any of the conspirators actually committed any other offense against the United States.  Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371G (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7

<u>Conspiracy – Acts and Statements of Co-Conspirators</u>

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendants, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendants any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.   As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.371K (Apr. 2015).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 8

Travel Act, 18 U.S.C. § 1952(a)(3)

Count 2 of the Indictment charges the defendant, Robert Menendez, with violating the Travel Act.

In order to find defendant Menendez guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That defendant Menendez traveled from Newark, New Jersey to Paris, France on or about April 8, 2010;

Second: That defendant Menendez did so with the intent to promote, manage, establish, carry on, or facilitate bribery in violation of Sections 201(b)(2)(A) and 201(b)(1)(A) of Title 18 of the United States Code; and

Third: That defendant Menendez thereafter performed or attempted to perform acts in furtherance of promoting, managing, establishing, carrying on, or facilitating bribery.

Count 2 of the Indictment also charges the defendant, Salomon Melgen, with violating the Travel Act.

In order to find defendant Melgen guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That defendant Melgen caused defendant Menendez to travel from Newark, New Jersey to Paris, France on or about April 8, 2010;

Second: That defendant Melgen did so with the intent to promote, manage, establish, carry on, or facilitate bribery in violation of Sections 201(b)(2)(A) and 201(b)(1)(A) of Title 18 of the United States Code; and

Third: That defendant Menendez thereafter performed or attempted to perform acts in furtherance of promoting, managing, establishing, carrying on, or facilitating bribery.

The bribery in violation of Sections 201(b)(2)(A) and 201(b)(1)(A) of Title 18 of the United States Code that you must find defendant Menendez and defendant Melgen intended to promote, manage, establish, carry on, or facilitate through interstate or foreign travel is as follows: that defendant Menendez corruptly demanded, sought, or received, and defendant Melgen corruptly gave, offered, or promised a hotel stay at the Park Hyatt in Paris with intent to influence defendant Menendez in the performance of official acts as opportunities arose.

Source: 1st Cir. Model Crim. Jury Instr. 4.18.1952 (Mar. 2017).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 9

Bribery – 18 U.S.C. §§ 201(b)(2)(A) & (b)(1)(A)

Counts 3, 5, 7, 9, 11, and 13 of the Indictment charge the defendant, Robert Menendez, with demanding, seeking, or receiving a bribe while a public official, which is a violation of federal law.

In order to find defendant Menendez guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That defendant Menendez demanded, sought, or received, either directly or indirectly, something of value;

Second: That defendant Menendez was, at that time, a public official of the United States; and

Third: That defendant Menendez did so corruptly in return for being influenced in the performance of an official act, that is, defendant Menendez intended to perform an official act in exchange for the specified things of value.


Counts 4, 6, 8, 10, 12, and 14 of the Indictment charge the defendant, Salomon Melgen, with bribery of a public official, which is a violation of federal law.

In order to find defendant Melgen guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That defendant Melgen gave, offered, or promised, either directly or indirectly, something of value to defendant Menendez.

Second: That defendant Menendez was, at that time, a public official; and

13

Third: That defendant Melgen did so corruptly with the intent to influence an official act, that is, defendant Melgen intended to give the specified thing of value in exchange for an official act.

The things of value defendant Menendez is charged with demanding, seeking, or receiving and the things of value that defendant Melgen is charged with giving, offering, or promising are as follows:

| Counts | Thing of Value |
|---|---|
| **3 and 4** | Between on or about August 6, 2010, and on or about August 9, 2010, a roundtrip flight on defendant Melgen's private jet to the Dominican Republic, starting in the Washington Metropolitan Area and ending in Teterboro, New Jersey with stops in West Palm Beach, Florida. |
| **5 and 6** | Between on or about September 3, 2010, and on or about September 6, 2010, a roundtrip flight on Melgen's private jet to the Dominican Republic for himself and a guest, starting and ending in Teterboro, New Jersey, with stops in West Palm Beach, Florida. |
| **7 and 8** | Between on or about October 8, 2010, and on or about October 11, 2010, a roundtrip flight to West Palm Beach, Florida, starting with a first-class commercial flight from Newark, New Jersey, costing approximately $890.70, and ending with a private chartered flight to the Washington Metropolitan Area costing approximately $8,036.82. |
| **9 and 10** | On or about May 16, 2012, $40,000 for the New Jersey Democratic State Committee Victory Federal Account, and $20,000 for The Fund to Uphold the Constitution, a legal defense fund, which benefitted Menendez. |
| **11 and 12** | On or about June 1, 2012, $300,000 for Majority PAC that was earmarked for the New Jersey Senate race. |
| **13 and 14** | On or about October 12, 2012, $300,000 for Majority PAC that was earmarked for the New Jersey Senate race. |

Source: 3d Cir. Model Jury Instr. 6.18.201B2 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 10

<u>Bribery – "Public Official" Defined</u>

The term "public official" means a Member of Congress or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of the United States Government, in any official function, under or by authority of any such department, agency, or branch of Government.

The term "public official" includes any employee of the United States Government as well as any person who is performing work for or acting on behalf of the United States Government.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.201B1-1 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 11

Bribery – "Official Act" Defined

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity, or in such official's place of trust.  The Government must prove that the defendants intended to influence a specific act or acts.

The term "official act" includes the decisions or actions generally expected of the public official.  These decisions or actions do not need to be specifically described in any law, rule, or job description to be considered to be an "official act."

In order to find a defendant guilty of bribery, you must identify one or more specific questions, matters, causes, suits, proceedings, or controversies that involve the formal exercise of governmental power.   A question, matter, cause, suit, proceeding or controversy must be something specific and focused that either was pending or might by law have been brought before any public official.  In this case, the Government alleges the following questions, matters, causes, suits, proceedings, or controversies:

First, the visa applications of Dr. Melgen's foreign guests;

Second, whether the State Department should intervene in Dr. Melgen's contract dispute with the Government of the Dominican Republic;

Third, whether Customs and Border Protection (CBP) should donate equipment to the Dominican Republic; and

Fourth, Dr. Melgen's multi-million dollar billing dispute with the Centers for Medicare & Medicaid Services (CMS).

16

You must also find that defendant Menendez made a decision, took an action, or agreed to make a decision or take an action on one or more of the identified questions, matters, causes, suits, proceedings, or controversies. The decision or action that defendant Menendez took or agreed to take may include defendant Menendez using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official. A decision or action on a qualifying step for a question, matter, cause, suit, proceeding, or controversy, would qualify as an official act. A public official is not required to actually make a decision or take an action on a question, matter, cause, suit, proceeding or controversy; it is enough that the official agreed to do so.

Not every action taken by a public official qualifies as an "official act." Setting up a meeting, hosting an event, or talking to another official, without more, does not qualify as a decision or action on a question, matter, cause, suit, proceeding, or controversy. Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on a question, matter, cause, suit, proceeding, or controversy, unless the official intends to exert pressure on another official or provide advice, knowing or intending such advice to form the basis for an official act by another official. You may, however, consider evidence that a public official set up a meeting, hosted an event, talked to another official, expressed support, or sent a subordinate as evidence of an agreement to take an official act. You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official need not actually perform an official act, or even intend to do so. When the defendant is a public official charged

17

with receiving a bribe, it is sufficient if the public official agrees to perform an official act in exchange for a thing of value.  Further, the public official need not specify the means that he will use to perform his end of the bargain.  You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an official act in return.  Likewise, when the defendant is a person who is charged with paying a bribe, it is sufficient if the defendant intends or solicits the public official to perform an official act in exchange for a thing of value.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.201B1-2 (Oct. 2016); *McDonnell v. United States*, 136 S. Ct. 2355 (2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 12

<u>Bribery – "Corruptly" Defined</u>

A public official demands, seeks, or receives a thing of value corruptly if the official accepts the item knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result influenced by the receipt of the thing of value.

A person offers a thing of value to a public official "corruptly" if the person acts knowingly and intentionally with the purpose either of accomplishing an unlawful end or unlawful result or of accomplishing some otherwise lawful end or lawful result influenced by the offer of the thing of value to the public official.

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another.

It is not necessary for the Government to prove that defendant Menendez was actually influenced, or actually performed an official act.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.201B1-3, 6.18.201B2-1 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13

<u>Bribery – Need Not Be Express</u>

Defendant Menendez and defendant Melgen need not state the exchange of something of value for an official act in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods.  Rather, a defendant's intent to exchange may be established by circumstantial evidence, based on the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Source: *Evans v. United States*, 504 U.S. 255, 274 (1992).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 14

<u>Bribery – Thing of Value Provided to Another</u>

The "thing of value" in a bribery exchange need not be provided directly or indirectly to the public official, but may be provided to another person or entity at the public official's request or with the public official's agreement.


Source: 18 U.S.C. § 201(b)(2) (bribery includes a public official soliciting or accepting a thing of value "personally or for any other person or entity").

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15

<u>Bribery – Lawfulness or Beneficial Nature of Official Act Not a Defense</u>

It is not a defense to bribery that defendant Menendez would have lawfully performed the official act in question even without having accepted a thing of value in exchange.  In addition, it is not a defense that a thing of value was demanded, sought, or received, or given, offered, or promised, to influence an official act that was actually lawful, desirable, or even beneficial to the public.

Source: Comment, 3d Cir. Model Crim. Jury Instr. 6.18.201B1 (Oct. 2016) ("To violate the statute, the defendant's act of bribery need not be calculated to induce unlawful conduct by the public official."); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982) ("It is neither material nor a defense to bribery that 'had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make.'" (quoting *United States v. Labovitz*, 251 F.2d 393, 394 (3d Cir. 1958))).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 16

Bribery – Mixed Motive Not a Defense

Because people rarely act for a single purpose, defendant Menendez need not have demanded, sought, or received something of value solely in exchange for agreeing to be influenced in an official act.  If you find beyond a reasonable doubt that defendant Menendez demanded, sought, or received something of value at least in part in exchange for agreeing to be influenced in an official act, then it makes no difference that he may also have had another lawful motive, such as friendship, for demanding, seeking, or receiving the thing of value.

Similarly, defendant Melgen need not have given, offered, or promised something of value solely in exchange for influencing an official act.  If you find beyond a reasonable doubt that defendant Melgen gave, offered, or promised something of value at least in part in exchange for influencing an official act, then it makes no difference that he may also have had another lawful motive, such as friendship, for giving, offering, or promising the thing of value.

Source: *United States v. Wright*, 665 F.3d 560, 572 (3d Cir. 2012) ("[F]riendship is no bar to an honest services fraud conviction."); *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (approving instruction that the jury may find a payment was a bribe "even if you also find it was paid, in part, for legitimate work if it was also paid, in part, in return for [the public official's] official action"); *United States v. Donna*, 366 Fed. App'x 441, 448-49 (3d Cir. 2010) (refusing to find error in a dual motive instruction on extortion under color of official right in which the court used friendship as an example of a neutral motive).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 17

Bribery – Stream of Benefits

For counts 3, 5, and 7, it is sufficient if the Government proves that defendant Menendez demanded, sought, or received something of value as part of a stream of benefits intended to influence official acts as opportunities arose.  Similarly, for counts 4, 6, and 8, it is sufficient if the Government proves that defendant Melgen gave, offered, or promised something of value as part of a stream of benefits intended to influence official acts as opportunities arose.

In other words, for counts 3 through 8, the Government does not need to establish that a specific official act was identified at the time the bribe was demanded, sought, or received or given, offered, or promised.  It is sufficient if the Government proves that the thing of value was demanded, sought, or received, or given, offered, or promised, with the intent to retain defendant Menendez's services on an 'as needed' basis, so that whenever the opportunity presented itself he would take specific official acts.

Source: Comment, 3d Cir. Model Crim. Jury Instr. 6.18.201B1; *United States v. Kemp*, 500 F.3d 257, 281-82 (3d Cir. 2007) (approving "stream of benefits" instruction); *United States v. Ganim*, 510 F.3d 134, 147 (2d Cir. 2007) (Sotomayor, J.) ("[S]o long as the jury finds that an official accepted gifts in exchange for a promise to perform official acts for the giver, it need not find that the specific act to be performed was identified at the time of the promise, nor need it link each specific benefit to a single official act.").

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 18

Bribery – Campaign Contributions as Bribes

Counts 9, 11, and 13 charge that defendant Menendez demanded, sought, or received campaign contributions in exchange for agreeing to be influenced in official acts. Counts 10, 12, and 14 charge that defendant Melgen gave, offered, or promised campaign contributions in exchange for influencing official acts.

The solicitation or acceptance by an elected public official of a campaign contribution, or the giving or offering of a campaign contribution to an elected public official by a donor does not, in itself, constitute a federal crime even though the donor has business pending before the elected public official, and even if the contribution is made shortly before or after the public official takes official acts favorable to the donor. Campaign contributions given with only a vague expectation of some future benefit are not bribes.

Instead, to find defendant Menendez guilty of bribery under Counts 9, 11, and 13, the Government must prove that defendant Menendez demanded, sought, or received the charged campaign contributions in exchange for agreeing to perform a specific, identified official act or acts. Similarly, to find defendant Melgen guilty of bribery under Counts 10, 12, and 14, the Government must prove that defendant Melgen gave, offered, or promised the charged campaign contributions in exchange for a specific, identified official act or acts.

The specific, identified official act or acts alleged for each count are as follows:

| Count | Description |
| --- | --- |
| **9 and 10** | Defendant Menendez's advocacy to the State Department on behalf of defendant Melgen in his contract dispute with the Government of the Dominican Republic. |
| **11 and 12** | Defendant Menendez's advocacy at the highest levels of CMS and HHS on behalf of defendant Melgen in his Medicare billing dispute. |
| **13 and 14** | Defendant Menendez's advocacy at the highest levels of HHS on behalf of defendant Melgen in his Medicare billing dispute. |

Source: *Evans v. United States*, 504 U.S. 255, 257-58, 267 (1992); *McCormick v. United States*, 500 U.S. 257, 273 (1991).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 19

Honest Services Wire and Mail Fraud – 18 U.S.C. §§ 1341, 1343, 1346

Counts 15 and 16 of the Indictment charge the defendants with honest services wire fraud, which is a violation of federal law.

In order to find a defendant guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant knowingly devised or willfully participated in a scheme to defraud the United States and the citizens of New Jersey of their right to the honest services of defendant Menendez through bribery;

Second: That the defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Count 17 of the Indictment charges the defendants with honest services mail fraud, which is a violation of federal law.

In order to find a defendant guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

First: That the defendant knowingly devised or willfully participated in a scheme to defraud the United States and the citizens of New Jersey of their right to the honest services of defendant Menendez through bribery;

27

Second: That the defendant acted with the intent to defraud; and

Third:  That in advancing, furthering, or carrying out the scheme, the defendants used a private or commercial interstate carrier, or caused a private or commercial interstate carrier to be used.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.1341, 6.18.1343 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 20

Honest Services Wire and Mail Fraud – "Scheme to Defraud" Defined

For Counts 15 through 17, the first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly devised or willfully participated in a scheme to defraud the United States and the citizens of New Jersey of the intangible right to defendant Menendez's honest services through bribery.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of the intangible right of honest services by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the Indictment alleges that the scheme to defraud was carried out by defendant Menendez and defendant Melgen making the following false or fraudulent statements, pretenses, representations, and promises:  First, the pretense that defendant Menendez was acting in the interest of the United States and the citizens of New Jersey, when in fact he was participating in a bribery scheme; and second, defendant Menendez and defendant Melgen's concealment of and failure to disclose the benefits that they were receiving and giving, respectively, in their bribery scheme.  The Government is not required to prove every false or fraudulent statement, pretense, representation, or promise charged in the Indictment.  It is sufficient if the Government proves beyond a reasonable doubt that one or more of the alleged material false statements, pretenses, representations, or promises were made in furtherance of the alleged scheme to defraud.  However,

you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone.  If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation, or failure to disclose, must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in

making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the Government must also prove that the alleged scheme contemplated depriving the United States and the citizens of New Jersey of the intangible right of honest services.

However, the Government is not required to prove that the defendant originated the scheme to defraud.  Furthermore, it is not necessary that the Government prove that the defendant actually realized any gain from the scheme or that any intended victim actually suffered any loss.

If you find that the Government has proved beyond a reasonable doubt that the scheme to defraud charged in the Indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the Indictment, then you should consider the second element.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.1341-1 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 21

Honest Services Wire and Mail Fraud – Protected Interests: Honest Services

Counts 15 through 17 charge the defendants with engaging in a scheme to defraud the United States and the citizens of New Jersey of the intangible right to defendant Menendez's honest services.

A public official or employee owes a duty of honest, faithful, and disinterested service to the public and to the Government that he serves.  The public relies on officials of the Government to act for the public interest, not for their own enrichment.  A public official who accepts a bribe— that is, something of value in exchange for favorable treatment—breaches the duty of honest, faithful, and disinterested service.  While outwardly appearing to be exercising independent judgment in his official work, the public official instead has been paid privately for his public conduct.  Thus, the public is not receiving the public official's honest and faithful service to which it is entitled.

In order to find that a defendant engaged in a scheme to defraud the United States and the citizens of New Jersey of defendant Menendez's honest services in this case, you must find that the defendant engaged in bribery, that is, that defendant Menendez demanded, sought, or received something of value, and defendant Melgen gave, offered, or promised something of value, intending to influence defendant Menendez in the performance of official acts.  I have already defined bribery and its related terms for you, in Instructions 9 through 18 above, and you should refer to those instructions to determine whether the defendants engaged in a scheme to deprive honest services through bribery for Counts 15 through 17.

If you find beyond a reasonable doubt that defendant Menendez has violated the duty to provide honest services as defined here, then you may find the first element of honest services fraud satisfied as to defendant Menendez.

Similarly, although defendant Melgen is not a public official and does not owe a duty of honest services to the public, if you find beyond a reasonable doubt that defendant Melgen devised or participated in a scheme to deprive the United States and the citizens of New Jersey of defendant Menendez's duty to provide honest services as defined here, then you may find the first element of honest services fraud satisfied as to defendant Melgen.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.1341-3 (Oct. 2016); Comment, 3d Cir. Model Crim. Jury Instr. 6.18.1341-3 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 22

<u>Honest Services Wire and Mail Fraud – "Intent to Defraud" Defined</u>

For Counts 15 through 17, the second element that the Government must prove beyond a reasonable doubt is that the defendants acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether a defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

Source: 3d Cir. Model Crim. Jury Instr. 6.18.1341-4 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 23

Honest Services Wire Fraud – "Transmits by means of wire, radio, or television
communication in interstate commerce" Defined

For Counts 15 and 16, the third element that the Government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, the defendants transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce, or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.

The Government is not required to prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud.

However, the Government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The Government must also prove either that the defendant used wire, radio, or television communication in interstate commerce, or that the defendant knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that the defendant should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

35

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise.

However, the Government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.  For Counts 15 and 16, it is sufficient to find the charged wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out the scheme in some way if you find that it furthered a bribery scheme in the form of a "stream of benefits," as I defined that for you in Instruction 17, above.

For Counts 15 and 16, the specific wire, radio, or television communications charged are as follows:

| Count | Date | Signal and Sound |
|-------|------|------------------|
| 15 | August 9, 2010 | Pilot of defendant Melgen's private jet, on which defendant Menendez was a passenger, in New Jersey air space to air traffic control in New York |
| 16 | September 6, 2010 | Pilot of defendant Melgen's private jet, on which defendant Menendez was a passenger, in New Jersey air space to air traffic control in New York |

Source: 3d Cir. Model Crim. Jury Instr. 6.18.1343-1 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 24

Honest Services Mail Fraud – "Use of the Mails" Defined

For Count 17, the third element that the Government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, the defendants used a private or commercial interstate carrier, or caused a private or commercial interstate carrier to be used.

The Government is not required to prove that the defendant himself actually mailed anything or that the defendant even intended that the mails would be used to further, or to advance, or to carry out the scheme.

However, the Government must prove beyond a reasonable doubt that a private or commercial carrier was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.  The Government must also prove either that the defendant used a private or commercial interstate carrier, or that the defendant knew the use of a private or commercial interstate carrier would follow in the ordinary course of business or events, or that the defendant should reasonably have anticipated that a private or commercial interstate carrier would be used.

It is not necessary that the item sent by the carrier was itself false or fraudulent or contained any false or fraudulent statement, representation, or promise.

However, the Government must prove beyond a reasonable doubt that the use of the private or commercial interstate carrier in some way furthered, or advanced, or carried out the scheme. For Count 17, in order to find that the charged use of a private or commercial interstate carrier furthered, or advanced, or carried out the scheme in some way, you must find that it furthered, advanced, or carried out a bribery scheme which included defendant Menendez demanding, seeking, or receiving and defendant Melgen giving, offering, or promising a $300,000 payment to

Majority PAC, in exchange for defendant Menendez agreeing to perform a specific, identified official act or acts, pursuant to the instruction I gave you in Instruction 18, above.

For Count 17, the specific charged use of a private or commercial interstate carrier is as follows:

| Count | Date | Mail |
|-------|------|------|
| 17 | June 5, 2012 | Defendant Melgen's June 1, 2012, $300,000 check, through VRC, to Majority PAC, earmarked for New Jersey, sent from Donald Scarinci in New Jersey to Craig Varoga in Washington, D.C., via FedEx |

Source: 3d Cir. Model Crim. Jury Instr. 6.18.1341-5 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 25

<u>Honest Services Wire and Mail Fraud – Each Transmission by Wire Communication
or Use of the Mails a Separate Offense</u>

Each transmission by wire communication in interstate commerce and each use of a private

or commercial interstate carrier to advance, or to further, or to carry out the scheme or plan may

be a separate violation of the wire and mail fraud statutes.


Source: 3d Cir. Model Crim. Jury Instr. 6.18.1341-6, 6.18.1343-2 (Oct. 2016).

UNITED STATES' PROPOSED JURY INSTRUCTION NO. 26

<u>Scheme to Conceal Material Facts – 18 U.S.C. § 1001(a)(3)</u>

Count 18 of the indictment charges the defendant, Robert Menendez, with engaging in a scheme to conceal a material fact, which is a violation of federal law.

In order to find defendant Menendez guilty of this offense, you must find that the Government proved each of the following five elements beyond a reasonable doubt:

First:  That defendant Menendez falsified, concealed, or covered up a fact by a trick, scheme, or device;

Second:  That, at the time he falsified, concealed, or covered up the fact, defendant Menendez had a legal duty to disclose it;

Third:  That the fact was material;

Fourth:  That defendant Menendez acted knowingly and willfully; and

Fifth:  That defendant Menendez falsified, concealed, or covered up the material fact in a matter within the jurisdiction of the legislative branch of the Government of the United States.

A scheme or device includes any plan or course of action intended to deceive others.

A fact is material if it is capable of influencing the legislative branch.  However, the Government is not required to prove that the legislative branch was actually deceived by the falsification, concealment, or covering up of a material fact.

A person acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that defendant Menendez acted "willfully," with respect to Count 18, you must find that the evidence proved beyond a reasonable doubt that defendant Menendez acted with a purpose to disobey or disregard the law.  "Willfully" does not,

however, require proof that defendant Menendez had any evil motive or bad purpose other than the purpose to disobey or disregard the law, and "willfully" does not require proof that defendant Menendez knew of the existence and meaning of the statute making his conduct criminal.

The Government is not required to prove that defendant Menendez knew the material fact involved a matter within the jurisdiction of the legislative branch.

Source: 7th Cir. Model Crim. Jury Instr. 18 U.S.C. § 1001 (Feb. 2013); 3d Cir. Model Crim. Jury Instr. 5.05 (Apr. 2015); *United States v. Starnes*, 583 F.3d 196, 211-13 (3d Cir. 2009); *United States v. Curran*, 20 F.3d 560, 566-67 (3d Cir. 1994).