UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:15-cr-155 |
| v. ) | Hon. William H. Walls |
| ) | |
| ROBERT MENENDEZ and ) | |
| SALOMON MELGEN, ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**UNITED STATES' SUPPLEMENTAL BRIEFING CONCERNING VENUE AND PROPOSED VENUE INSTRUCTION**

Venue for Section 1001 is determined using the general venue statute for continuing offenses, 18 United States Code, Section 3237(a), which specifies that prosecution may take place in any district where the offense begins, continues, or is completed. *See United States v. Simon*, 510 F. Supp. 232, 238 (E.D. Pa. 1981). Where a Section 1001(a)(1) scheme is charged, courts have found that the continuing offense includes acts in furtherance of the scheme, and that venue therefore lies where those acts occurred. *See, e.g.*, *United States v. Hernando Ospina*, 798 F.2d 1570, 1577 (11th Cir. 1986).

Courts that have considered venue for offenses under Section 1001(a)(1) have found that the underlying acts preceding any reporting may support venue, so long as they were undertaken in furtherance of the scheme. *See United States v. Nicely*, 922 F.2d 850, 858-59 (D.C. Cir. 1991) (holding venue was proper for a scheme to conceal material facts under Section 1001 where cash was exchanged giving rise to a duty to disclose); *United States v. Curran*, No. 92-558, 1993 WL 137459, at *22 (E.D. Pa. Apr. 28, 1993) (holding that venue was proper for a scheme to conceal in the district in which the defendant took acts causing false reports to be filed, and rejecting that venue was limited to the place of filing), *vacated on other grounds*, 20 F.3d 560 (3d Cir. 1994);

1

*United States v. Cantley*, No. 86-293, 1987 WL 13668, at *5-6 (E.D. Pa. July 8, 1987) (explaining venue was proper in the district where the defendant had obtained cashier's checks in a manner intended to prevent triggering the bank's obligation to file a currency transaction report with the Internal Revenue Service).

In *United States v. Hernando Ospina*, for example, the Eleventh Circuit considered where venue was appropriate for a Section 1001 scheme to conceal from the Internal Revenue Service the existence of ill-gotten income. 798 F.2d at 1577. The defendants' scheme involved constructing transactions so as not to trigger banks' obligations to file currency transaction reports (CTRs). *Id*. The defendants in *Hernando Ospina* argued that the crime was a crime of mere omission consisting only of the failure to file proper CTRs and, for that reason, Washington, D.C., the district in which the CTRs should have been filed, constituted the only proper venue. *Id*. The court flatly rejected that position, finding that the non-filing of the CTRs was only part of the scheme to conceal, and that the affirmative acts of accumulating the money, exchanging it for cashier's checks, and depositing those checks were also a part of the scheme and provided a basis for venue. *Id*.

In this case, the evidence indicates that on May 16, 2011, when Senator Menendez was in New Jersey, he signed one of the financial disclosure forms alleged in the scheme to conceal. Tr. Exs. 101 and 102. Alternatively, even if the jury credits Robert Kelly's testimony that Senator Menendez signed the form in Washington, D.C., on May 12, 2011, the evidence also indicates that on May 16, while Senator Menendez was in New Jersey, Mr. Kelly filed the form on Senator Menendez's behalf—and therefore that Senator Menendez caused the form to be filed while he was in New Jersey. Oct. 25, 2017, Tr. at 133-35, 194-95. The evidence also demonstrates that defendant Menendez accepted things of value in New Jersey that he should have reported on his

financial disclosure forms—the very gifts whose receipt he had a duty to disclose—in furtherance of the scheme. *See, e.g.*, Sept. 19, 2017, Tr. at 118-36; Sept. 20, 2017, Tr. at 25-29.

The government proposes the following venue instruction for Count 18:

UNITED STATES' PROPOSED JURY INSTRUCTION ON VENUE

The Indictment alleges that some act in furtherance of the offense charged occurred here in the District of New Jersey. There is no requirement that all aspects of the offense charged take place here in the District of New Jersey. But for you to return a guilty verdict, the Government must convince you that some act in furtherance of that crime took place here in the District of New Jersey.

Unlike all the elements that I will describe, this fact only has to be proved by a preponderance of the evidence. This means the Government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the Government must prove all the elements I have described beyond a reasonable doubt.

Source: 3d Cir. Model Crim. Jury Instr. 3.09 (Apr. 2015)

Respectfully submitted this 31st day of October, 2017.

                              ANNALOU TIROL
                              ACTING CHIEF
                              PUBLIC INTEGRITY SECTION

By:    *s/ Monique Abrishami*
           Peter Koski
           Deputy Chief
           J.P. Cooney
           Deputy Chief
           Monique Abrishami
           Trial Attorney
           Amanda R. Vaughn
           Trial Attorney
           Public Integrity Section

                1400 New York Ave. NW
                Washington, D.C. 20005
                Telephone:  (202) 514-1412
                Facsimile:  (202) 514-3003

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: October 31, 2017                     *s/ Monique Abrishami*
                                            Monique Abrishami
                                            Trial Attorney
                                            Public Integrity Section
                                            Criminal Division
                                            U.S. Department of Justice