UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT MENENDEZ<br><br> and<br><br>SALOMON MELGEN,<br><br>                    Defendants. | Crim. No.  2:15-cr-00155<br>Hon. William H. Walls |

**SENATOR MENENDEZ'S RESPONSE TO UNITED STATES' SUPPLEMENTAL BRIEFING CONCERNING VENUE**

Abbe David Lowell
Jenny R. Kramer
Christopher D. Man
Victoria V. Corder
**NORTON ROSE FULBRIGHT US LLP**
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 974-5600

Raymond M. Brown
Justin P. Kolbenschlag
Gregg H. Hilzer
**GREENBAUM ROWE SMITH & DAVIS LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
(732) 476-3280

*Counsel for Defendant Senator Robert Menendez*

The prosecution's claim to venue has no support in either the law or the facts. As a legal matter, the flaws in the prosecutions arguments are numerous. First, venue could only be appropriate for Count 18 in Washington, D.C. The Supreme Court recognizes "the general rule that where the crime charged is a failure to do an allegedly required act, the place fixed for its performance fixes the situs of the crime." *Johnston v. United States*, 351 U.S. 215, 220 (1956). Here, the Ethics in Government Act fixes the place for Senator Menendez to file his financial disclosure forms as with the Secretary of the U.S. Senate in Washington, D.C., and that is precisely where the Superseding Indictment charges they were filed. Thus, any failure by Senator Menendez to include reportable gifts in these disclosures occurred only in Washington, D.C., where the disclosures were filed.

Second, even crediting the prosecution's theory that acts in furtherance of a scheme could include acts in New Jersey, the kinds of acts the prosecution alleges that occurred in New Jersey would not be covered. The Supreme Court has clarified that venue is determined only by "essential conduct elements" – here, where the false filing is prepared and filed – rather than where mere "circumstance elements" occur. *United States v. Cabrales*, 524 U.S. 1, 6-7 (1988); *accord United States v. Rodriguez-Moreno*, 526 U.S. 275, 279-280 & n.4 (1999) (describing *Cabrales*); *see United States v. Auerenheimer*, 748 F.3d 525, 540 (3d Cir. 2014) (rejecting venue in New Jersey because no "essential conduct element" occurred there). In *Cabrales*, for example, the Supreme Court held that venue for a money laundering charge existed only where the laundering of tainted funds ocurred, and not where the the underlying crime that gave rise to the tainted funds was committed (a mere "circumstance element"). None of the cases cited by the prosecution post-date or survive *Cabrales* or *Rodriguez-Moreno* to the extent that they suggest conduct that would give rise to the duty to disclose (*e.g.*, where a gift is received) could

1

serve as a basis for a false statement charge based on the failure to file an accurate disclosure because those circumstances merely describe a "circumstance element."

Moreover, each of the cases the prosecution cites are factually dissimilar. The cases they cite involve circumstances where a defendant does something in a place that causes someone else to file a false report elsewhere. *Nicely*, *Cantley*, and *Hernando Ospina* involve a defendant causing a bank to file a false currency transaction report or structuring a transaction so that banks do not file a required report, and *Curran* involved making improper campaign donations that caused campaigns to file false reports with the FEC. By contrast, Count 18 involves Senator Menendez's actions with respect to his own filings. Nothing he did in New Jersey caused him or anyone else to file a false financial disclosure in Washington, D.C.

Factually, the evidence does not support the prosecution's theory of venue either. The prosecution clings to a calendar entry to show that Senator Menendez was in New Jersey on the day one of the signed disclosure forms is dated. But that evidence is of little value when Mr. Kelly testified that Senator Menendez filled out the form and signed it in Washington, D.C. in advance, before travelling to New Jersey, and that Mr. Kelly then filed the form by hand in Washington, D.C. There is no reason to doubt Mr. Kelly, particularly when there is no other explanation for how that document could have been hand-filed in Washington, D.C. on the same day the prosecution speculates it was signed in New Jersey.

The prosecution's claim that Senator Menendez caused the form to be filed from New Jersey simply by being there on the day that Mr. Kelly delivered the form is, to put it kindly, far-fetched. Mr. Kelly testified that he filed the pre-signed form when it was due, based on arrangements he made with the Senator face-to-face in Washington, D.C. before the trip. There

2

is no evidence of any communication from Senator Menendez to Mr. Kelly concerning that filing subsequently, or from New Jersey in particular.

The Court should grant Senator Menendez's Rule 29 motion on Count 18 based on venue, as it would require sheer speculation for the jury to find that venue exists, but at a minimum Senator Menenedez is entitled to the venue instruction he sought through Proposed Jury Instruction No. 56.  The prosecution's proposed venue instruction is improper and would be misleading as it is a venue instruction for a conspiracy charge, and the government has not laid a factual foundation for the charge because it has not identified any essential conduct element as credibly having occurred in New Jersey.  If the Court does permit this charge to go to the jury, the Court should preclude the prosecution from arguing that venue could be established in New Jersey on the basis of any gifts having been received there or based on Senator Menendez having been in New Jersey on the day one such filing was made.

Dated: October 31, 2017

                                          Respectfully submitted,

| | |
|---|---|
| /s/ Abbe David Lowell | |
| Abbe David Lowell | Raymond M. Brown |
| Jenny R. Kramer | Justin P. Kolbenschlag |
| Christopher D. Man | Gregg H. Hilzer |
| Victoria V. Corder | **GREENBAUM ROWE SMITH & DAVIS LLP** |
| **NORTON ROSE FULBRIGHT US LLP** | Metro Corporate Campus One |
| 1200 New Hampshire Avenue, N.W. | P.O. Box 5600 |
| Washington, D.C. 20036 | Woodbridge, NJ 07095 |
| (202) 974-5600 | (732) 476-3280 |

*Counsel for Defendant Senator Robert Menendez*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on October 31, 2017, a true and correct copy of the foregoing Motion was filed with the CM/ECF system for the United States District Court for the District of New Jersey, which will send electronic notification of the filing to all counsel of record.

                      /s/ Abbe David Lowell