UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT MENENDEZ and )<br>SALOMON MELGEN, )<br>)<br>**Defendants** )<br>) | No. 2:15-cr-155<br>Hon. William H. Walls |

## UNITED STATES' SUPPLEMENTAL OPPOSITION TO DEFENDANTS' JOINT PROPOSED JURY INSTRUCTION NO. 6

The Government maintains that the Third Circuit's model jury instruction on character evidence, 3d Cir. Crim. Model Jury Instr. 4.39, is sufficient given the evidence in this case, and that the defendants' proposed jury instruction, which they extract from *United States v. Baysek*, 212 F.2d 446 (3d Cir. 1954), places undue weight on such evidence. Moreover, review of *Baysek* reveals that the defendants omitted critical language from the instruction they propose. If the Court adopts it, therefore, it should provide the entire instruction, instead of the incomplete version proposed by the defendants.

Specifically, the defendants omit the last clause of the last sentence of the instruction, which is essential to providing a full explanation to the jury of how it should consider character evidence in its deliberations. The full instruction noted by the Third Circuit in *Baysek*, with the clause the defendants omit highlighted in italics below, is as follows:

> Where evidence is introduced by a Defendant of good character, that evidence of the good character of the Defendant is not mere makeweight, but is substantive evidence and must be considered by you, and may of itself raise a reasonable doubt in your mind, or, along with other evidence in the case, may raise a reasonable doubt in your mind as to the guilt of the Defendant, and therefore work an acquittal. The very object of introducing good character evidence is to generate in the minds of the jury a reasonable doubt as to the

>Defendant's guilt.  The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing.  If, however, you are satisfied the Defendant is guilty, you should convict him, *notwithstanding proof of good character*.

*Id.* at 447-48 (emphasis added).  Defendants would have the Court cast aside the final five words, but doing so would be contrary to the Third Circuit's finding about the instruction.  *See id.* ("[T]he jury must have understood that if after such consideration of all the evidence including the character evidence, they were satisfied beyond a reasonable doubt of the defendant's guilt they should convict him even though he had offered evidence of good character.  This was all that was required.").  To prevent this confusion and avoid misleading the jury about the weight it should place on character evidence, the Court should reinstate its initial decision to use the Third Circuit's model jury instruction on character evidence, rather than adopt a character evidence instruction used in 1954.

Dated:  October 31, 2017

                                            Respectfully submitted,

                                            ANNALOU TIROL
                                            Acting Chief, Public Integrity Section
                                            Criminal Division
                                            U.S. Department of Justice

                       By:    s/ *Amanda Vaughn*
                                Peter Koski
                                J.P. Cooney
                                Deputy Chiefs
                                Monique Abrishami
                                Amanda Vaughn
                                Trial Attorneys
                                Public Integrity Section
                                Criminal Division
                                U.S. Department of Justice

                                                            1400 New York Ave, NW, 12th floor  
                                                            Washington, D.C. 20005  
                                                            (202) 514-1412

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: October 31, 2017           *s/ Amanda Vaughn*
                                             Amanda Vaughn
                                             Trial Attorney
                                             Public Integrity Section
                                             Criminal Division
                                             U.S. Department of Justice